546 S.E.2d 774

**Tennis Z. HATFIELD, Petitioner below, Appellant,**

v.

**STATE of West Virginia and William S. Haines, Warden, Huttonsville Correctional Center, Respondents below, Appellees.**

No. 28464.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 23, 2001.

Decided May 11, 2001.

Teresa A. Tarr, Esq., Linda Gay, Esq., Carrie L. Webster, Esq., Public Defender Corporation, Charleston, for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Heather D. Foster, Esq., Assistant Attorney General, Charleston, for Appellees.

PER CURIAM:

I.

In the instant case, Mr. Tennis Hatfield appeals the denial of a writ of habeas corpus by the Circuit Court of Mingo County.

Mr. Hatfield is serving two consecutive 5–to–10 year sentences for second degree sexual assault and incest, and a concurrent 1–year sentence for third degree sexual abuse. He pled guilty to these charges in September of 1996 pursuant to a plea bargain agreement. Mr. Hatfield had been charged with ten counts of sexual assault by forcible compulsion and incest occurring between the years of 1977 and 1982, and two counts of sexual abuse occurring in 1995.

II.

■ Mr. Hatfield assigns several interrelated alleged errors by the circuit court. Central to most of these asserted errors is Mr. Hatfield's claim that his decision to enter a guilty plea was the result of constitutionally flawed ineffective assistance of counsel.

As a threshold matter, Mr. Hatfield contends that his decision to plead guilty was substantially affected by his lawyer's repeated urging that Mr. Hatfield should do so. It appears that this contention is true. Mr. Hatfield did not want to plead guilty after he was arrested and while he was awaiting trial, and he repeatedly told his lawyer so. But his lawyer continued to advise Mr. Hatfield and his family that the lawyer believed that a plea bargain was probably Mr. Hatfield's best chance of avoiding an effective lifetime prison sentence. As the time drew close for his trial, Mr. Hatfield decided—after consulting with his family—to follow his lawyer's advice, and to accept a plea bargain offer that would allow Mr. Hatfield to serve about 10 years in prison.

Thus, a key issue before the circuit court in considering Mr. Hatfield's writ of habeas corpus was whether Mr. Hatfield's lawyer committed constitutionally unacceptable inef-

fective assistance of counsel by repeatedly urging his client to accept the offered plea bargain. Mr. Hatfield contends that his lawyer's advice was based on an inadequate investigation and assessment of the strength of the state's case against Mr. Hatfield. Counsel for Mr. Hatfield now specifically argues that there was "little evidence to support Mr. Hatfield's guilt."

However, there was in fact very substantial evidence against Mr. Hatfield.

On the assault and incest charges, his 30–year–old daughter was prepared to testify that he had molested her over a long period of time. Her statement at Mr. Hatfield's sentencing described a long history of misconduct by Mr. Hatfield that would have been damning testimony before a jury.

On the sexual abuse charges, a 13–year–old girl was also prepared to testify against Mr. Hatfield. The state had a tape recording of Mr. Hatfield speaking to this child on the phone in a sexual fashion.[1]

Mr. Hatfield's lawyer was well within the bounds of professional reason, competence, and duty in concluding that Mr. Hatfield was facing a strong prosecution case, and in repeatedly telling Mr. Hatfield (and his family) that accepting the plea bargain offer was probably the only practical way for Mr. Hatfield to avoid an effective life sentence. In fact, Mr. Hatfield's counsel was obviously quite correct in his assessment.

■ We said in *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 320, 465 S.E.2d 416, 422 (1995):

[A]n ineffective assistance of counsel claim presents a mixed question of law and fact; we review the circuit court's findings of historical fact for clear error and its legal conclusions *de novo*. This means that we review the ultimate legal claim of ineffective assistance of counsel *de novo* and the circuit court's findings of underlying predicate facts more deferentially.

■ Syllabus Point 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), states:

In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Applying these standards, we find the circuit court did not err in determining that Mr. Hatfield did not plead guilty due to ineffective assistance of his counsel in investigating and assessing the strength of the State's case and in strongly advising Mr. Hatfield that he should accept the offered plea bargain.

Mr. Hatfield also assigns as error the circuit court's rulings with respect to: whether defense counsel erroneously advised Mr. Hatfield about the rights that would be waived if he pled guilty and about his parole eligibility date; whether Mr. Hatfield pled guilty in an informed and voluntary fashion;[2] whether he was improperly denied a trial continuance; whether cumulative error occurred in connection with his criminal case; and whether the circuit court's habeas ruling was otherwise factually and legally erroneous. We have carefully reviewed each of these assigned errors and find that they are not meritorious.

1. We are tempted to quote from some of this material to illustrate how bad the State's evidence tended to show that Mr. Hatfield's conduct was. But we do not want to even possibly further embarrass Mr. Hatfield's victims.

We notice from the record that Mr. Hatfield shows little or no remorse for or insight into the wrongfulness of his conduct. While it would be inaccurate and unfair to stereotype all or even most adherence to legal innocence as medicalized "denial," the science of psychology is in general agreement that the phenomenon of denial, especially in connection with sexual offenses, poses a tremendous challenge to our social services, justice, and corrections systems—and also, as the instant case illustrates, to a defense lawyer who is trying to get a client to objectively evaluate the risks that the client is facing.

2. Mr. Hatfield was a deputy sheriff and former town police chief.

### III.

The decision of the circuit court denying the writ of habeas corpus is affirmed.

Affirmed.